NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GERALD R. BOUTIN,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2012-3018

---

Petition for review of the Merit Systems Protection Board in case no. PH0353110064-I-1.

---

Decided: June 8, 2012

---

GERALD R. BOUTIN, of Providence, Rhode Island, pro se.

MICHAEL N. O'CONNELL, JR., Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before NEWMAN, LOURIE, and PROST, *Circuit Judges.*

PER CURIAM.

Gerald R. Boutin appeals from a final order of the Merit Systems Protection Board ("Board"), affirming that the United States Postal Service ("USPS") did not violate Mr. Boutin's restoration rights pursuant to 5 C.F.R. § 353.304(c). For the reasons set forth below, we *affirm*.

## I. BACKGROUND

Mr. Boutin is a mailhandler at the Providence, Rhode Island, Processing Distribution Center for the USPS. On June 15, 1984, he was injured while on duty. Due to ongoing medical restrictions related to his injuries, Mr. Boutin worked in modified duty assignments from the 1980's until 2009. On June 10, 2009, after reviewing Mr. Boutin's current medical restrictions and considering potential suitable tasks that he could perform, USPS informed Mr. Boutin that there was "no available operationally necessary work for him to perform that complied with his stated [medical] restrictions." *Boutin v. U.S. Postal Serv.*, PH0353110064-I-1, slip op. at 2 (M.S.P.B. Feb. 25, 2011) ("*Initial Decision*"). As a result, Mr. Boutin was placed out of work effective June 10, 2009.

On August 10, 2009, USPS offered Mr. Boutin a part-time, four-hour per day position, which he accepted. USPS asserts that on January 8, 2010, it offered Mr. Boutin a full-time, eight-hour per day position that was consistent with his medical restrictions, which he never accepted or declined. As discussed below, the January 8, 2010 offer is the subject of this appeal. On March 19, 2010, USPS again offered Mr. Boutin a full-time position

that was consistent with his restrictions and was, according to USPS, identical to the January 8, 2010 offer except that his shift would start and end two and one-half hours earlier. Mr. Boutin accepted the March 19, 2010 offer and began work on April 10, 2010.

On October 28, 2010, Mr. Boutin filed an appeal with the Board in which he alleged that USPS violated his restoration rights pursuant to 5 C.F.R. § 353.304(c) by offering a full-time position to another mail handler with less seniority on February 17, 2010, which was before Mr. Boutin received and accepted his March 19, 2010 full-time employment offer from USPS. Specifically, Mr. Boutin sought pay for an additional four hours per work day for the time period between February 17, 2010, and April 9, 2010. In other words, Mr. Boutin sought the difference in pay between a part-time and full-time schedule during this time period. An administrative judge held a hearing on February 11, 2011. At the hearing, Mr. Boutin admitted that USPS offered him a full-time position on January 8, 2010. Mr. Boutin argued, however, that USPS withdrew this original offer, then later re-offered it, this time making it contingent upon him settling an appeal that he had previously filed with the Board. In a February 25, 2011 initial decision, the administrative judge found that USPS did in fact offer Mr. Boutin a full-time position on January 8, 2010, that USPS did not withdraw the offer, that the offer remained open for at least fourteen days, and that USPS did not make the offer contingent upon him accepting USPS's settlement offer in a prior appeal.[1] *Initial Decision* at 9.

---

[1]    Mr. Boutin has not appealed the administrative judge's ruling that he also failed to demonstrate reprisal for equal employment opportunity activity.

The administrative judge based his findings, in large part, on the testimony of Marian Varone, a health and resource management manager at USPS. *Id.* at 6-8. Ms. Varone testified that she sent Mr. Boutin a series of letters between December 16, 2009, and January 7, 2010, requesting a meeting. Ms. Varone further testified that, upon meeting with Mr. Boutin on January 8, 2010, she presented him with a written offer for full-time work that was consistent with the medical restrictions Mr. Boutin had submitted to USPS on July 20, 2009. Mr. Boutin, however, presented Ms. Varone with an updated list of new medical restrictions. Ms. Varone testified that she modified the offer to reflect his new medical restrictions and at the very same January 8, 2010 meeting, made Mr. Boutin this revised offer. According to Ms. Varone, Mr. Boutin neither accepted nor affirmatively declined the offer, and Ms. Varone told him that the offer would remain open for fourteen days. Additionally, Mr. Varone testified that on January 26, 2010, Mr. Boutin called her and asked if the offer was still open (despite the fact that the fourteen day acceptance deadline had passed), and she responded that it was. Mr. Boutin, however, still did not accept or affirmatively decline the offer. While Ms. Varone was aware that Mr. Boutin had an ongoing Board appeal, she testified that she never made the January 8, 2010 offer contingent upon settlement of that prior appeal. Relying on this testimony, the administrative judge determined that Mr. Boutin had no basis to complain about a subsequent offer to a less senior employee because USPS's January 8, 2010 offer was sufficient to comply with its restoration obligations under 5 C.F.R. § 353.304(c).

Mr. Boutin filed a petition for review with the full Board. In that petition, Mr. Boutin contended that Ms. Varone testified falsely when she stated that she had

made Mr. Boutin an employment offer at a January 8, 2010 meeting. Rather, Mr. Boutin contended that his meeting with Ms. Varone actually took place on January 6, 2010. In its final decision, however, the Board noted that this argument contradicted Mr. Boutin's own testimony at the hearing where he, like Ms. Varone, had testified that the meeting took place on January 8, 2010. *Boutin v. U.S. Postal Serv.*, PH0353110064-I-1, slip op. at 3 (M.S.P.B. Aug. 25, 2011) ("*Final Decision*"). The Board went on to hold that Mr. Boutin had failed to provide any sufficiently sound reasons for overturning the administrative judge's decision, which was based on credibility determinations. *Id.* The Board denied Mr. Boutin's petition for review and held that, except as modified by the Board's final order, the initial decision was the Board's final decision. *Id.* This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Our review of the Board's decisions is narrow and limited by statute. Under 5 U.S.C. § 7703(c), we may only set aside the Board's decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938).

On appeal, Mr. Boutin asserts that he met with Ms. Varone on January 6, 2010—not on January 8, 2010. While Mr. Boutin claims that Ms. Varone offered him a full-time position at the alleged January 6, 2010 meeting, he also claims that she withdrew that offer at the very

same meeting. Finally, Mr. Boutin argues that the offer discussed with Ms. Varone on January 26, 2010 was contingent upon him settling his previously filed appeal before the Board.

Having considered Mr. Boutin's arguments, we conclude that substantial evidence supports the administrative judge's findings that USPS offered Mr. Boutin a full-time position on January 8, 2010, which remained open for at least fourteen days, and which was not contingent upon settlement of his prior appeal. The administrative judge relied on written copies of USPS's January 8, 2010 employment offers—both the offer reflecting Mr. Boutin's medical restrictions as of July 20, 2009 and the updated offer reflecting his restrictions as of January 8, 2010. Notably, each offer was dated January 8, 2010 and neither offer contained a requirement that Mr. Boutin settle his prior appeal before the Board. The contents of the written offers are further corroborated by Ms. Varone's testimony. The administrative judge found that Ms. Varone was a "credible witness based on the straightforward manner in which she testified, the consistency of her testimony with other record evidence, and the fact that her version of events was not at all inherently improbable." *Initial Decision* at 9. In contrast, the administrative judge found portions of Mr. Boutin's testimony to be "inconsistent with other record evidence and, in some cases, his claims were inherently improbable." *Id.* This court has held that "an evaluation of witness credibility is within the discretion of the Board and that, in general, such evaluations are 'virtually unreviewable' on appeal." *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed.Cir.1998) (quoting *Clark v. Dep't of the Army*, 997 F.2d 1466, 1473 (Fed.Cir.1993)). Mr. Boutin provides no basis for this court to disturb the administrative judge's credibility determination. In particular, Mr.

Boutin does not explain the significance that he places upon the precise date of his meeting with Ms. Varone or why this should change the Board's central finding that USPS did not make its offer contingent upon settlement of his prior appeal.  Indeed, as there is no dispute that USPS offered him a full-time position in January 2010, it does not matter whether that offer was first made on January 6, 2010, or January 8, 2010.  Accordingly, we find that substantial evidence supports the Board's conclusion that USPS complied with its restoration obligations under 5 C.F.R. § 353.304(c).

## COSTS

Each party shall bear its own costs.

## **AFFIRMED**